THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIC TYNES, Defendant-Appellant.

Third District   No. 3—92—0615

Opinion filed March 21, 1994.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, and Eric Tynes, of Pontiac, *pro se*, for appellant.

Clarke Erickson, State's Attorney, of Kankakee (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Following a jury trial, the defendant, Eric Tynes, was convicted of aggravated criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—14(a)(2)). The defendant was sentenced to an extended term of 50 years' imprisonment and was also ordered to pay $1,500 in restitution.

On appeal, the sole issue raised by the defendant is whether the trial court erred when it ordered the defendant to pay restitution but failed to set a payment schedule. The defendant contends that section 5—5—6(f) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—6(f)) requires a trial court to set a concrete time and manner for the payment of the restitution amount within five years of the date of sentencing. Based upon our supreme court's decision in *People v. Brooks* (1994), 158 Ill. 2d 260, we disagree with the defendant and affirm the trial court's sentencing order.

In *Brooks*, the defendant was sentenced to a term of 10 years' imprisonment. He was also ordered to pay $2,767.93 in restitution within two years of his release from prison. The defendant in *Brooks* argued that the restitution order was improper because the five-year limitation period for paying restitution set out in section 5—5—6(f) of the Code must begin at sentencing. He also contended that the trial court was required to specify the method and manner of payment in the restitution order.

The *Brooks* court carefully analyzed the language of section

5—5—6(f) of the Code, including an amendment to the section recently enacted by the legislature (see Pub. Act 88—237, eff. January 1, 1994, amending 730 ILCS 5/5—5—6(f) (West 1992)). Based upon this analysis, the *Brooks* court concluded that section 5—5—6(f) allows the five-year time period for the payment of restitution to begin when a defendant is released from prison after serving a lengthy prison term. (*Brooks*, 158 Ill. 2d at 262-72.) The *Brooks* court also rejected the defendant's argument that the restitution order was inappropriate because it failed to specify the method and manner of payment. The court stated:

"The trial court's failure to define a specific payment schedule is understandable, given that defendant had yet to serve his term and the regularity and amount of his future income, if any, was unknown. [Citations.] Furthermore, it is appropriate to infer from the trial court's failure to specify a payment schedule that restitution is to be made in a single payment. [Citation.] Under such circumstances, the order's lack of specificity is not unreasonable." *Brooks*, 158 Ill. 2d at 272.

We conclude that the *Brooks* decision is dispositive of this appeal. Based upon *Brooks*, the trial court in this case was not required to order that the restitution amount be paid within five years of the date of sentencing. Also, because the defendant was sentenced to a lengthy prison term of 50 years, the trial court was not required to specify the method and manner of payment.

For the reasons indicated, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

SLATER, P.J., and LYTTON, J., concur.